## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS of EASTERN PENNSYLVANIA and DELAWARE BENEFIT PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS of EASTERN PENNSYLVANIA and DELAWARE HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS of EASTERN PENNSYLVANIA and DELAWARE APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS of EASTERN PENNSYLVANIA and DELAWARE SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS of EASTERN PENNSYLVANIA and DELAWARE ANNUITY FUND P.O. Box 1627 Fort Washington, PA 19034, | : | CIVIL ACTION NO. |
| and | : | |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 542 1375 Virginia Drive, Suite 100 Fort Washington, PA 19034, | : | |
| and | : | |
| CONTRACTORS ASSOCIATION OF EASTERN PENNSYLVANIA HEAVY AND HIGHWAY INDUSTRY ADVANCEMENT FUND 1500 Walnut Street Suite 1105 Philadelphia, PA 19102, | : | |
| Plaintiffs, v. | : | |
| CRINITI CONSTRUCTION, INC. 2712 Grays Ferry Avenue, Unit D Philadelphia, PA 19146, | : | |
| | : | |

and                                              :
                                                 :
JOSEPH CRINITI                                   :
Criniti Construction, Inc.                       :
2712 Grays Ferry Avenue, Unit D                  :
Philadelphia, PA 19146,                          :
                    Defendants.                  :

# COMPLAINT

## INTRODUCTION

1.      This is an action brought by employee benefit plans and a labor union to collect

delinquent contributions, union dues, interest on delinquent contributions, liquidated damages, and

attorneys' fees pursuant to Section 503 of the Employee Retirement Income Security Act

(hereinafter "ERISA"), 29 U.S.C. §1132, and Section 301 of the Labor Management Relations Act

(hereinafter "LMRA"), 29 U.S.C. §185.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to Section 502(a)(3)(B), (d)(1)

and (f) and §4301(a)(1), (b) and (c) of ERISA, 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f) and

§1451(a)(1), (b) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

3.      This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29

U.S.C. §§1132(e)(2) and 1451(d), respectively, because the International Union of Operating

Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund (hereinafter the "Pension

Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware

Health and Welfare Fund (hereinafter the "Health Fund"), the International Union of Operating

Engineers of Eastern Pennsylvania and Delaware Apprenticeship and Training Fund (hereinafter

the "Apprenticeship Fund"), the International Union of Operating Engineers of Eastern

Pennsylvania and Delaware Supplemental Unemployment Benefit fund (hereinafter the "SUB

Fund"), and the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Annuity Fund (hereinafter the "Annuity Fund") (hereinafter collectively the "ERISA Funds") are administered in Pennsylvania.

**PARTIES**

4.      At all times relevant hereto, the ERISA Funds are "multi-employer plans" and "employee benefit plans" within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §1002(2) and (3), which are maintained for the purpose of providing health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, and annuities and related benefits to eligible participants and are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).  The ERISA Funds qualify to commence this action pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The ERISA Funds maintain their principal places of business at the address listed in the caption.

5.      The ERISA Funds bring this action on behalf of themselves and on behalf of plan participants and beneficiaries pursuant to Sections 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3)(B)(ii) and 1451(a)(1), respectively.

6.      At all times relevant hereto, the International Union of Operating Engineers, Local 542 (hereinafter the "Union") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant Criniti Construction, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12). The Union maintains its principal place of business at the address listed in the caption.

7.     The Union brings this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

8.     At all times relevant hereto, Contractors Association of Eastern Pennsylvania Heavy and Highway Industry Advancement Fund ("Industry Fund") is a fund created for the purpose of fostering and advocating the interests of the highway construction and maintenance industry. The Industry Fund maintains a business address at the address listed in the caption.

9.     Defendant, Criniti Construction, Inc. (hereinafter the "contributing employer"), is an employer in an industry affecting commerce within the meaning of Section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12) and has a business address as set forth in the caption.

10.    Defendant Joseph Criniti (hereinafter "Criniti") is the owner of the contributing employer. At all relevant times Criniti was authorized to enter into agreements on behalf of the contributing employer.

11.    At all times relevant hereto, the contributing employer was a party to a collective bargaining agreement whereby it agreed to make full and timely payments to the Plaintiffs based upon the number of hours worked by its employees.   A true and correct copy of the collective bargaining agreement is attached hereto as Exhibit A.

**COUNT ONE**
**Payroll Audit and Default Under Settlement Agreement**
**Plaintiffs v. Contributing Employer and Criniti**

12.    The above paragraphs are incorporated herein by reference as though duly set forth at length.

4

13.     The amount of contributions due to each of the ERISA Funds and the amount of dues due to the Union by the contributing employer are determined by the hours worked by and wages paid to employees covered by the collective bargaining agreement. Exhibit A, Article V.

14.     Pursuant to Article V, Section 7(1) of the collective bargaining agreement, the above contributions are due to the Plaintiffs on a monthly basis on the twenty-fifth (25th) day of the month following the month in which the wages which are the basis for the contribution calculation were earned. Exhibit A.

15.     Because the amounts due each month are based on the hours worked and wages of the employees represented by the Union, the contributing employer is required to self-report those hours and wages on a monthly remittance report.

16.     Pursuant to Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement, contributions that are not paid by the last day on which they are due accrue interest, calculated at a rate of ten percent (10%) per annum, from the first day of the month following the date such contributions are due. Exhibit A.

17.     The Trust Agreements of the Plaintiff ERISA Funds require the contributing employer to permit the ERISA Funds to review payroll and employment records, including reviewing and copying such records at the contributing employer's place of business, to allow the Funds to conduct an audit to determine whether the correct number of hours were reported, and to assure that the correct contributions were paid.

18.     On September 29, 2016, the ERISA Funds conducted a payroll audit of the contributing employer for the period of January 1, 2012, through December 31, 2015 (hereinafter the "Audit Period"). The audit revealed that $18,828.95 in principal contributions were due to the ERISA Funds and $1,218.41 in Union dues were due during the Audit Period (a total principal

5

delinquency of $20,047.36). The audit also revealed that $1,256.65 in interest charges had accrued, for a total of $21,304.01. A true and correct copy of the payroll audit report is attached hereto as Exhibit B.

19.     On January 4, 2017, the parties entered into a settlement agreement in which the contributing employer would resolve the delinquency revealed by the payroll audit in eleven monthly payments of $1,890.64, with a twelfth and final payment of $1,890.73, each due on the 15th day of the month of each month between January 15, 2017, and December 15, 2017 ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit C.

20.     Under the Settlement Agreement, the Plaintiffs agreed to conditionally waive $2,004.73 in liquidated damages, on the condition that the contributing employer complied with the settlement payment schedule. Exhibit C at ¶4.

21.     The Settlement Agreement provides that, in the event of a default, the contributing employer would be liable for:

(1)     The accelerated balance of the liability due under the settlement payment schedule

(2)     $2,004.73 in liquidated damages, and

(3)     "any attorneys' fees and costs incurred by the Funds and/or Union in its efforts to collect the above amounts."

Exhibit C at ¶5.

22.     The Settlement Agreement explains that the accelerated balance should be calculated by: "(a) taking the 'Remaining Total Balance' due as of the payment due date immediately prior to the date of default per the chart that is attached to this Settlement Agreement as Exhibit A, (b) adding to that amount any settlement payments and/or interest charges that had

6

not been received as of the default date, and (c) adding interest on a daily basis [calculated at a rate of 10% per annum]." Exhibit C at ¶5.

23.     Under the Settlement Agreement, Defendant Criniti agreed to personally guarantee the settlement payments and "to be liable, jointly and severally with the Company, for any full or partial missed payments, including interest thereupon, as well as the accelerated balance, interest, liquidated damages, and attorneys' fees," in the event of a default. Exhibit C at ¶6.

24.     The contributing employer subsequently failed to submit all of the payments required by the Settlement Agreement.

25.     By letter dated April 26, 2017, the Plaintiffs, through their counsel, sent a letter to the contributing employer, to the attention of Defendant Criniti, advising Defendants that it had failed to submit the March 15, 2017, and April 15, 2017 settlement payments and had therefore defaulted under the Settlement Agreement. The letter demanded payment of the accelerated balance, plus liquidated damages, as well as ongoing interest within ten days of the date of that letter.[1] A true and correct copy of the April 26, 2017 letter is attached hereto as Exhibit D.

26.     Defendants failed and refused to respond to the April 26, 2017 letter.

27.     Thereafter, Plaintiffs determined that the March 15, 2017 settlement payment had, in fact, been received.

28.     On May 17, 2017, Plaintiffs, through their counsel, sent a second letter to the contributing employer, to the attention of Defendant Criniti. This letter noted that the prior letter had not accounted for Plaintiffs' receipt of one of the settlement payments. However, because the

---

1 The April 26, 2017 letter stated incorrectly stated that two settlement payments had been missed, the payment due on March 15, 2017, and the payment due on April 15, 2017. In fact, the March 15, 2017 payment had been made by that date. That mistake was corrected in Plaintiffs' counsel's follow-up letter dated May 17, 2017. See Exhibit E.

April 15, 2017 payment had never been received and because, by the date of the letter, Defendants

had also missed the May 15, 2017 settlement payment, Plaintiffs again advised Defendants that

they had defaulted under the Settlement Agreement and demanded immediate payment of a

revised calculation of the accelerated balance, plus liquidated damages and interest, demanding

full payment within ten days from the date of the letter. A true and correct copy of the May 17,

2017 letter is attached hereto as Exhibit E.

29.    Defendants failed and refused to respond to the May 17, 2017 letter.

30.    No settlement payments have been submitted since the March 15, 2017 settlement

payment.

31.    Pursuant to the Settlement Agreement, Article V, Section 7 of the collective

bargaining agreement, and 29 U.S.C. §1132(g)(2)(A)-(D), Defendants owe the accelerated

balance of the settlement payments, ongoing interest on that balance, liquidated damages, and

attorneys' fees and costs.

32.    As of the May 17, 2017 default date, the accelerated balance was $16,439.35.

Exhibit E at p. 3.

WHEREFORE, Plaintiffs ask that the Court enter Judgment against the contributing
employer and Criniti, jointly and severally as follows:

(1)    $16,439.35 accelerated balance of the settlement payments calculated as set
forth in paragraph 5 of the Settlement Agreement, pursuant to the
Settlement Agreement, 29 U.S.C. §§1132(g)(2)(A) and (B), and Article V
of the collective bargaining agreement;

(2)    Interest on the accelerated balance calculated from the May 17, 2017 date of
default through the date of Judgment at a rate of ten percent (10%) per
annum, pursuant to paragraphs 2, 5, and 6 of the Settlement Agreement, 29
U.S.C. §1132(g)(2)(B), and Article V, Section 7(2), (3), (5), (6), (7), (8),
(9), and (11) of the collective bargaining agreement;

(3)     $2,004.73 in liquidated damages, pursuant to paragraphs 3, 5, and 6 of the Settlement Agreement, 29 U.S.C. §1132(g)(2)(C), and Article V, Section 7(5), (8), (9), and (11) of the collective bargaining agreement;

(4)     Reasonable attorneys' fees and costs, pursuant to paragraphs 5 and 6 of the Settlement Agreement, 29 U.S.C. §1132(g)(2)(D), and Article V, Section 7(5) and (11) of the collective bargaining agreement; and

(5)     Such other relief as the Court finds just and proper.

## COUNT TWO
### Delinquent Contributions
### Plaintiffs v. Contributing Employer

33.     The above paragraphs are incorporated herein by reference as though duly set forth at length.

34.     The contributing employer submitted remittance reports for the work performed in October 2016 and November 2016 which documented that a total of $10,347.45 in contributions and dues are owed for those months to the Plaintiff as follows:

(a)     Funds: $9,776.39

(b)     Union: $571.06

A true and correct copy of the October 2016 and November 2016 remittance reports are attached hereto as Exhibit F.

35.     The contributing employer did not submit payment with those reports.

36.     On May 17, 2017, the Plaintiffs, through their attorney, sent a letter to the contributing employer demanding immediate payment of the unpaid amounts for October 2016 and November 2016, plus interest and liquidated damages on that delinquency. Exhibit E.

37.     The contributing employer failed and refused to respond to the May 17, 2017 letter, or to pay the delinquent amounts.

9

38.    The foregoing violates the Article V of the collective bargaining agreement and is actionable under section 301 of the LMRA, 29 U.S.C. §185 and section 502(g)(2) ERISA, 29 U.S.C. §1132(g)(2).

39.    Under ERISA and the collective bargaining agreement, the contributing employer owes the delinquent contributions, plus interest, liquidated damages, and attorneys' fees and costs. 29 U.S.C. §1132(g)(2)(A)-(D); Exhibit A, at Article V.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against the contributing employer:

(1)    In favor of the Funds:

    (a)    $9,776.39 unpaid principal amounts for the months of October 2016 and November 2016, pursuant to 29 U.S.C. §1132(g)(2)(A);

    (b)    Interest on the amounts set forth in (1)(a) calculated at a rate of ten percent (10%) per annum, pursuant to Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. 1132(g)(2)(B);

    (c)    $977.64 in liquidated damages (10% of the principal amount in paragraph (a)(1)) pursuant to Article V, Sections 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii);

(2)    In favor of the Union:

    (a)    $571.06 in unremitted dues pursuant to Article V, Section 8 of the collective bargaining agreement;

(4)    In favor of all Plaintiffs:

    (a)    Reasonable attorneys' fees and costs pursuant to Article V, Section 7(5) and (11) of the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2)(D); and

    (b)    Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY:

REGINA C. HERTZIG, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated:   June 14, 2017

11